# EXHIBIT II

*Provide this form to the client. Do NOT send it to the Corporate Office.*

# Your Guide to IRAs
# (Traditional, Rollover and SEP IRAs)
# Disclosure statement and custodial agreement



## Part 1. IRA disclosure statement

### Section 1. Introduction

More information on IRAs is available in Publication 590, Individual Retirement Arrangements (IRAs), from the IRS. Obtain your copy from any IRS district office by calling 1.800.829.3676 or by going to irs.gov.

**Entities**

In this disclosure statement, "you" and "your" refer to the current owner (original or inherited) of an *Ameriprise* IRA. "We," "us" and "our" refer to Ameriprise Financial, Inc., and/or its subsidiaries including, but not limited to Ameriprise Trust Company (Ameriprise Trust), RiverSource Life Insurance Company, and RiverSource Life Insurance Co. of New York. Ameriprise Trust Company is a bank as defined under Internal Revenue Code 408(n). This disclosure statement does not cover non RiverSource annuities offered by a third party issuer, including those linked to a brokerage account held within an Ameriprise IRA.

**IRS approval**

IRA custodians and issuers may, but are not required to, approach the IRS for a determination of whether their custodial agreement or annuity contract contains federally required IRA provisions. The custodial agreements provided by Ameriprise Trust Company were established using IRS forms and are therefore approved as to form by the IRS. The annuity contracts issued by RiverSource Life Insurance Company and RiverSource Life Insurance Company of New York are intended to qualify as Individual Retirement Annuities but have not been approved as to form by the IRS. IRS approval relates to form and not the merits of the IRA.

### Section 2. Right to revoke your IRA

**Revocation**

You have the right to cancel (revoke) your IRA. Your cancellation period is on or before the earlier of seven days after you receive this disclosure statement or seven days after the date you establish your IRA. Your IRA is subject to the terms of the custodial agreement set forth below on the earlier of the date you sign the IRA application or the date you fund the IRA. The cancellation (or free look period) for your annuity contract may be longer. See the terms of your contract.

If you cancel your IRA within the required time period, we will refund your full contribution, including sales and brokerage charges (if any) and any fees paid separately. However, if you made a cash contribution, you will not receive any market value gain on your contribution, nor will a market loss reduce your refund.

To cancel your IRA, write to us by first-class, certified or registered mail at:

Ameriprise Financial Services, LLC
70400 Ameriprise Financial Center
Minneapolis, MN 55474

When writing, be certain that your letter is properly addressed and stamped, and that the postmark and certification or registration dates are within the cancellation period. You can also hand-deliver your written cancellation notice to your Ameriprise financial advisor's office or to any Ameriprise Financial office.

### Section 3. Fees, Investment Products and Advice
*Custodial IRA*

Your custodial IRA may have an annual calendar year fee that may be charged in whole if your account is open for any part of the calendar year. We reserve the right to automatically deduct the annual custodial fee from your IRA. We will provide 30 days' written notice if we increase our administrative fees.

IRAs with an Ameriprise Brokerage Account or mutual funds have an annual $75 custodial fee.

IRAs with only an Ameriprise Managed Account or an Ameriprise Certificate have no annual custodial fee. Some investments may generate unrelated business taxable income. In such cases, Ameriprise Trust will complete a tax return (Form 990-T) for your IRA and remit any taxes owed from your IRA. Ameriprise Trust will charge a $200 fee if a 990-T filing is required for your IRA. Ameriprise Trust may charge a $200 estate settlement processing fee.

*Investment products*

Investment products you purchase within your IRA may charge transaction fees, sales commissions, investment management fees, distribution fees, setup fees, etc. Fees are subject to change and will vary by investment. For additional information, see the applicable prospectus.

*Our role in recommendations*

Neither Ameriprise Financial Services, LLC nor your financial advisor is acting as a fiduciary when we provide you recommendations related to your brokerage account or with respect to commission-based products we offer. Any advice you receive is not intended to serve as the primary basis for your investment decisions.

### Section 4. Contributions

This section outlines the rules for funding and making contributions to your custodial IRA. Contributions to your IRA must be made in cash unless they are transferred or rolled over from another IRA or a Qualified Plan.

**Funding your IRA with new contributions**

Traditional IRA contributions must be made for a given tax year by the due date for filing your tax return for that year, not including extensions. If you make a contribution between Jan.1 and the IRS announced tax filing deadline, you must indicate in writing the tax year to which the contribution applies. You may make contributions to your traditional IRA up to statutory limits, any year either you or your spouse has earned income of at least the amount of the total contributions. You are also eligible to make catch-up contributions beginning the taxable year in which you attain age 50. Contribution limits apply to the total of all contributions made in all traditional and Roth IRAs owned by each individual. The contribution limit for both traditional and Roth IRAs is $6,000 for 2022 and $6,500 for 2023. An additional $1,000 may be contributed if you are age 50 or older.

© 2010 - 2021 Ameriprise Financial, Inc.
All rights reserved.



*Traditional and Rollover IRAs*

If you are single or if you are married and file a joint income tax return with your spouse and neither you nor your spouse participate in a work place retirement plan, you may make a fully deductible IRA contribution. If either you or your spouse participate in a workplace retirement plan, your ability to make a deductible IRA contribution is limited by your individual or joint modified adjusted gross income (MAGI).

To determine the amount of your deductible contribution you may refer to IRS Publication 590, Individual Retirement Arrangements (IRAs). You may make both deductible and nondeductible contributions to your traditional IRA, up to the overall dollar limit for that tax year. You must maintain records of non-deductible contributions to your traditional IRA and file this information with your federal income tax return on IRS Form 8606. You must file this form each year you make non-deductible contributions and/or if you receive a distribution that includes an after-tax portion.

**Income Limits for Deductible traditional IRA contributions**

| Covered by Employer-Plan | 2022 | 2023 |
|---|---|---|
| Single | $68,000-$78,000 | $73,000-$83,000 |
| Married – Filing Jointly | $109,000-$129,000 | $116,000-$136,000 |
| Married-Filing Separately | $0-$10,000 | $0-$10,000 |

| Not Covered by Employer-Plan | 2022 | 2023 |
|---|---|---|
| Married filing jointly – spouse covered by employer-plan | $204,000-$214,000 | $218,000-$228,000 |

*SEP IRA*

Your employer may make a contribution to your SEP IRA according to the plan rules and maximum contribution limits under current law. Please refer to IRS Publication 560, Retirement Plans for Small Business (SEP, SIMPLE and Qualified Plans) for more information regarding contributions. In addition, you may make traditional IRA contributions to your SEP IRA based on the same rules noted above for a traditional IRA. And if you participate in a SAR-SEP IRA plan, you may be able to make elective salary deferral contributions through payroll deduction (according to plan rules).

**Funding your traditional, rollover or SEP IRA through a rollover from another IRA or eligible retirement plan**

Generally, you may fund your IRA from another IRA or eligible retirement plan (such as your 401(k), 457 governmental or 403(b) plan). A direct rollover, or trustee to trustee transfer, will not result in a taxable distribution. An indirect rollover, where you first receive the assets from the IRA or retirement plan, must be applied to the IRA within 60 days of receipt of the assets. Indirect rollovers between IRAs are limited to once per every 12 months.For a description of IRA services available at Ameriprise see the "IRA services" brochure at the end of this document.

**Considerations when rolling over from an employer plan or transferring your account**

When you make the decision to rollover from your employer's retirement plan to an IRA, it is important that you understand the features of both plans and which plan will likely be the best option for you. Some of the key considerations are:

- The range of investment options available
- Fees and expenses
- Services provided
- Tax consequences
- Protection of assets from creditors

For an overview of these considerations and more, refer to the "Learn about options for your retirement plan assets" brochure at the end of this document.

We are not acting as a fiduciary when you decide to engage us for a new service, including with respect to your decision to roll over assets to an Ameriprise traditional, rollover or SEP IRA, or when you decide to move assets from one type of account held with us to another type of account (e.g., moving assets from a brokerage account to an advisory account).

**Distributions not eligible to be rolled over to a traditional, rollover or SEP IRA**

Some distributions are not eligible to be rolled to an IRA from another IRA or eligible retirement plan, including but not limited to:

- Required minimum distributions (RMDs)
- Substantially equal periodic payments (SEPP)
- Distributions from an inherited IRA owned by a non-spouse Designated Beneficiary, or when there is no Designated Beneficiary
- Returns of excess contributions and excess deferrals
- Loans (exceptions may apply)
- Hardship withdrawals
- Distributions made to an alternate payee other than a spouse or former spouse under a qualified domestic relations order (QDRO)
- IRA distributions made within 12 months of a previous IRA distribution that was rolled to an IRA

**Securities**

There are a variety of tax rules that govern the rollover of securities or other property. In general, you may roll over securities from one IRA to another IRA. If you take a distribution of securities from one IRA and sell part or all of the securities, you may roll over the proceeds from the sale to another IRA, if the rollover is completed within 60 days. The sale will have no tax effect (no gain or loss is recognized). If you sell securities and do not roll over the entire amount from the sale, you are taxed on the portion you do not roll over. In addition, the same property or securities must be rolled over. You cannot use the proceeds from the sale of one security to purchase other securities and then roll over the other securities to an IRA. We may refuse to accept particular securities or property if sound administration or custody of the investment or security is not permitted or feasible or if the investment presents burdensome valuation problems or is prohibited by law.

**Excess contributions**

Generally, contribution amounts that exceed the allowable tax limits are considered excess contributions. If you have excess contributions, they must be corrected by your tax filing deadline, including extensions, or will be subject to a 6% IRS excise tax each year the excess remains in your IRA.



There are two ways to correct excess contributions:

- Timely correction. You can make a timely correction if you withdraw the excess contributions and any attributable earnings, before the due date, including extensions, of your federal income tax return for the year excess contributions were made. For that year, if you do not claim a deduction for your excess contribution, you can make a tax-free withdrawal of the excess contributions. Any earnings withdrawn will be subject to income tax.

- Late correction. If you do not correct the excess by your tax filing deadline, including extensions, you can correct the excess in a later year by either withdrawing the excess contribution, excluding any earnings, or by contributing less than the maximum in future years to offset the current year excess. If the excess is in a traditional IRA and due to being over the dollar limit, any distributions resulting from a late correction are subject to regular income taxes and a 10% early withdrawal penalty if you are under age *59½*, so you may be taxed twice on the contribution amount and be subject to a penalty.

- SEP excess contributions have additional considerations, please refer to IRS Publication 560, Retirement Plans for Small Business (SEP, SIMPLE and Qualified Plans) for more information.

*Recharacterizations*

You can recharacterize all or a portion of your contributions including any attributable earnings to a Roth IRA by your tax filing deadline, including extensions. Contributions to a Roth IRA may be recharacterized to a traditional IRA, or vice versa. The contribution to the original IRA will be treated as having been made to the subsequent IRA.

RiverSource *Annuity premiums*

Under the contract your annuity premiums are not fixed; the annual premiums on behalf of any individual will not exceed the limit on IRA contributions; and any refund of premiums or the purchase of additional benefits before the close of the calendar year following the year of the refund.

**Section 5. Distributions**

**Distributions from your traditional, rollover or SEP IRA**

In general, distributions from these types of IRAs are taxable as regular income for the year in which the distribution occurs, unless rolled to another IRA or Qualified Plan. See "Rolling your IRA distribution to a Qualified Plan." The rules and exceptions stated in this section apply to all distributions (including required minimum distributions) except as noted.

Distributions from IRAs do not qualify for capital gains treatment or income averaging under current federal income tax law.

*Federal tax withholding*

Non-periodic distributions may be subject to a federal income tax withholding of 10%, which will be withheld from the distribution paid to you unless you make a different election. If you choose to elect no withholding, this may cause your withholding in total to be inadequate, and you may be responsible for payment of estimated taxes during the year. You are also permitted to elect to have additional amounts withheld.

*Early withdrawal penalty tax*

Your traditional rollover or SEP IRA distribution is generally subject to a 10% early withdrawal penalty tax, unless the distribution is any one of the following:

- Made after you reach age *59 ½*
- Made to a beneficiary due to death
- Made due to disability (As defined under Section 72(m) of the Internal Revenue Code.)
- Part of a scheduled series of substantially equal periodic payments (SEPP) made over your life or the joint life expectancy of you and your beneficiary
- A timely withdrawal of an excess contribution within guidelines discussed under "Excess contributions"
- Made to pay deductible medical expenses
- A qualified reservist distribution (a distribution to a military reservist called up for active duty that meets certain requirements)
- Made to pay an IRS levy
- Made to pay medical insurance premiums while you are unemployed
- Made to pay qualified higher education
- For a qualified first-time home purchase up to $10,000
- Made to pay qualified birth or adoption expenses up to $5,000
- Made after determination of terminal illness
- Made within 180 days after a federal disaster up to $22,000

**Rolling your IRA distribution to a Qualified Plan**

In general, if the plan accepts rollover contributions, only the taxable portion of your IRA (traditional, rollover or SEP) distribution may be rolled to an eligible retirement plan (such as your 401(k), 457 governmental or 403(b) plan). Any amount rolled to such a plan will be considered as coming first from the taxable portion of your IRA. In the event of your death, your spouse may also roll your IRA into his or her eligible retirement plan.

**Required minimum distributions (RMDs) for traditional, rollover or SEP IRA owners**

The IRS requires you to withdraw a certain minimum amount from your traditional and SEP IRAs by April 1 following the year you turn age 73 if you turned 72 after 2022. Subsequent distributions must be made by December 31 each year. Individuals who turned 72 prior to 2023 are already subject to RMDs. The RMD age is scheduled to increase to age 75 beginning in 2033. Distributions must be based on your life expectancy or the joint life expectancy of you and your spouse beneficiary. Failure to remove the full amount of the RMD may result in an IRS excess accumulation penalty tax on the amount not removed. The RMD rules are complex. You should consult a tax adviser to ensure that you are meeting your RMD obligation for all your IRAs and Qualified Plans. RMDs are not required for the original owner of a Roth IRA. Certain enhanced annuity death benefits and optional living benefit riders may increase the value of your account for the purpose of determining your RMD. Regulations require that the value of these additional benefits of an annuity be used to calculate the RMD amount. For Individual Retirement Annuities issued by RiverSource, we will inform you of the "entire interest" value of the annuity. If you have one or more Individual Retirement Annuities offered by a third party issuer, the issuer of the annuity will provide all RMD information directly to you, even if the annuity shows as a position in the brokerage account.

To satisfy the RMD rules under 401(a)(9), an annuity payment option must meet annuity payment requirements of federal tax law. The annuity payment plans allowed under the terms of your RiverSource Individual Retirement Annuity contract are designed to meet these requirements. These annuity rules apply at any age. If you are receiving annuity payments, you may be able to include a portion of the payment towards other IRA required minimum distribution amounts. Consult your tax advisor.



Annuity payment requirements:

(1) Payments must be paid in periodic payments for the owner's life (or joint lives of owner and beneficiary) or over a period certain that does not exceed the maximum period certain allowed; and,

(2) The interval between payments for the annuity must be uniform over the entire distribution period and must not exceed one year; and,

(3) Once payments have commenced over a period, the period may only be changed if certain requirements are met; and,

(4) The minimum distribution incidental benefit (MDIB) requirements must be met; and,

(5) All payments must be non-increasing, except for permitted increases.

**Distributions from Inherited IRAs**

An inherited IRA is an IRA that is generally in your name as a beneficiary of an IRA or as a beneficiary of a Qualified Plan. For post 2019 deaths, the inherited IRA must generally be distributed by the end of the year that contains the 10th anniversary of the owner or beneficiary's death. If the IRA owner died after their required beginning date for RMDs, an annual distribution must be taken during the 10 year period as well. Different rules apply if you are a spouse beneficiary, disabled or chronically ill as defined by the Internal Revenue Code, the IRA owner's minor child up to age 21 or not more than 10 years younger than the owner. If an RMD was required for the year in which death occurs, and the RMD had not been satisfied by the decedent prior to death, the beneficiary(ies) must satisfy the RMD based on the original owner's life expectancy.

In general, distributions from inherited IRAs are taxable as regular income for the year in which the distribution occurs but are not subject to the early withdrawal penalty tax.

Please refer to IRS Publication 590-B, Individual Retirement Arrangements (IRAs) for more information regarding RMDs for beneficiaries.

*Additional tax information*

You must file IRS Form 5329, Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts, each year in which you receive a premature distribution, engage in a prohibited transaction, are subject to an excess accumulation penalty for not taking your full RMD for the year or exceeded your IRA contribution limit.

*Escheatment*

It is your responsibility to ensure that you maintain your current address with us. If we are unable to locate you, your account may be escheated as required under state law. If your account is escheated to a state, we may tax report this as a distribution to you and remit tax withholding as required under Federal and state tax law.

**Section 6. Investments**

*Investment restrictions*

You cannot invest an IRA in life insurance contracts or collectibles (as defined by the IRS). If your IRA acquires a collectible, the value of such will be considered a distribution, subject to income and penalty taxes, if applicable. Ameriprise Financial does not accept investments in coins, bullion or real estate and generally limits investments to those offered by Ameriprise Financial Services, LLC. In addition, Ameriprise Financial restricts investments in options to certain types of options. Any uninvested cash held in your custodial account may be deposited or invested in deposits of Ameriprise Bank, FSB or any other banking affiliate of Ameriprise Financial Services, LLC in connection with any savings deposit cash sweep program (Sweep Program) offered by Ameriprise Financial Services, LLC and as further described in the disclosure statement for such Sweep Program.

*Prohibited transactions*

In general, a prohibited transaction under Section 4975 can occur if you direct the investment of your IRA for your own benefit or the benefit of family members. If you, as original or beneficial owner, engage in a prohibited transaction, your IRA will lose some or all of its tax-favored status, resulting in immediate taxation for the taxable year in which the prohibited transaction occurs and may be subject to the IRS 10% early withdrawal penalty if you are under age 59½.

Specifically, under IRS rules, a prohibited transaction is any direct or indirect: Sale, exchange or lease of any property between the disqualified person and the IRA; lending of money or other extension of credit between a disqualified person and the IRA; furnishing of goods, services or facilities between a disqualified person and the IRA; transfer to or use by or for the benefit of the disqualified person, the income or assets of the IRA; dealing by the disqualified person, who is a fiduciary, with the assets of the IRA in his or her own interest or for his or her own account; receipt of any consideration for his or her own personal account by any disqualified person, who is a fiduciary, from any party dealing with the IRA in connection with a transaction involving the income or assets of the IRA.

*Pledging IRA assets as security for a loan*

The portion pledged will be considered a taxable distribution and is subject to the early withdrawal penalty if applicable. Furthermore, borrowing from your IRA will result in result in a taxable distribution of the fair market value of your IRA in the year in which you borrow money from your contract.

*Forfeiture and commingling*

Your account and any assets will be clearly identified as yours and are not forfeitable, nor will they be commingled with any other client's property except in a common investment fund. Your IRA annuity contract is not transferable to another owner.

## Part 2. IRA custodial agreement

The custodial agreement is the legal document governing your custodial IRA from Ameriprise Financial. If you have an Individual Retirement Annuity issued by RiverSource Life Insurance Company or RiverSource Life Insurance Company of New York, your annuity contract includes an endorsement that sets forth special rules similar to those below.



| | | |
|---|---|---|
| FORM 5305-A<br>(Rev. April 2017)<br>Department of the Treasury<br>Internal Revenue Service | Individual Retirement Custodial Account<br>(Under Section 408(a) of the Internal Revenue Code) | DO NOT File<br>with the Internal<br>Revenue Service |

Article I

Except in the case of a rollover contribution described in section 402(c), 403(a)(4), 403(b)(8), 408(d)(3), or 457(e)(16), an employer contribution to a simplified employee pension plan as described in section 408(k), or a recharacterized contribution described in section 408A(d)(6), the Custodian will accept only cash contributions up to $5,500 per year for tax years 2013 through 2017. For individuals who have reached the age of 50 before the close of the tax year, the contribution limit is increased to $6,500 per year for tax years 2013 through 2017. For tax years after 2017, the above limits will be increased to reflect a cost-of-living adjustment, if any.

Article II

The Depositor's interest in the balance in the custodial Account is nonforfeitable.

Article III

1. No part of the custodial Account funds may be invested in life insurance contracts, nor may the assets of the custodial Account be commingled with other property except in a common trust fund or common investment fund (within the meaning of section 408(a)(5)).

2. No part of the custodial Account funds may be invested in collectibles (within the meaning of section 408(m)) except as otherwise permitted by section 408(m)(3), which provides an exception for certain gold, silver, and platinum coins, coins issued under the laws of any state, and certain bullion.

Article IV

1. Notwithstanding any provision of this agreement to the contrary, the distribution of the Depositor's interest in the custodial Account shall be made in accordance with the following requirements and shall otherwise comply with section 408(a)(6) and the regulations thereunder, the provisions of which are herein incorporated by reference

2. The Depositor's entire interest in the custodial Account must be, or begin to be, distributed not later than the Depositor's required beginning date, April 1 following the calendar year in which the Depositor reaches age 70$\frac{1}{2}$. By that date, the Depositor may elect, in a manner acceptable to the Custodian, to have the balance in the custodial Account distributed in:

    (a) A single sum or

    (b) Payments over a period not longer than the life of the Depositor or the joint lives of the Depositor and his or her designated beneficiary.

3. If the Depositor dies before his or her entire interest is distributed to him or her, the remaining interest will be distributed as follows:

    (a) If the Depositor dies on or after the required beginning date and:

    (i) the designated beneficiary is the Depositor's surviving spouse, the remaining interest will be distributed over the surviving spouse's life expectancy as determined each year until such spouse's death, or over the period in paragraph (a)(iii) below if longer. Any interest remaining after the spouse's death will be distributed over such spouse's remaining life expectancy as determined in the year of the spouse's death and reduced by 1 for each subsequent year, or, if distributions are being made over the period in paragraph (a)(iii) below, over such period.

    (ii) the designated beneficiary is not the Depositor's surviving spouse, the remaining interest will be distributed over the beneficiary's remaining life expectancy as determined in the year following the death of the Depositor and reduced by 1 for each subsequent year, or over the period in paragraph (a)(iii) below if longer.

    (iii) there is no designated beneficiary, the remaining interest will be distributed over the remaining life expectancy of the Depositor as determined in the year of the Depositor's death and reduced by 1 for each subsequent year.

    (b) If the Depositor dies before the required beginning date, the remaining interest will be distributed in accordance with (i) below or, if elected or there is no designated beneficiary, in accordance with (ii) below:

    (i) The remaining interest will be distributed in accordance with paragraphs (a)(i) and (a)(ii) above (but not over the period in paragraph (a)(iii), even if longer), starting by the end of the calendar year following the year of the Depositor's death. If, however, the designated beneficiary is the Depositor's surviving spouse, then this distribution is not required to begin before the end of the calendar year in which the Depositor would have reached age 70$\frac{1}{2}$. But, in such case, if the Depositor's surviving spouse dies before distributions are required to begin, then the remaining interest will be distributed in accordance with (a)(ii) above (but not over the period in paragraph (a)(iii), even if longer), over such spouse's designated beneficiary's life expectancy, or in accordance with (ii) below if there is no such designated beneficiary.

    (ii) The remaining interest will be distributed by the end of the calendar year containing the fifth anniversary of the Depositor's death.

4. If the Depositor dies before his or her entire interest has been distributed and if the designated beneficiary is not the Depositor's surviving spouse, no additional contributions may be accepted in the account.

5. The minimum amount that must be distributed each year, beginning with the year containing the Depositor's required beginning date, is known as the "required minimum distribution" and is determined as follows:

   (a) The required minimum distribution under paragraph 2(b) for any year, beginning with the year the Depositor reaches age 70½, is the Depositor's account value at the close of business on December 31 of the preceding year divided by the distribution period in the uniform lifetime table in Regulations section 1.401(a)(9)-9. However, if the Depositor's designated beneficiary is his or her surviving spouse, the required minimum distribution for a year shall not be more than the Depositor's account value at the close of business on December 31 of the preceding year divided by the number in the joint and last survivor table in Regulations section 1.401(a)(9)-9. The required minimum distribution for a year under this paragraph (a) is determined using the Depositor's (or, if applicable, the Depositor and spouse's) attained age (or ages) in the year.

   (b) The required minimum distribution under paragraphs 3(a) and 3(b)(i) for a year, beginning with the year following the year of the Depositor's death (or the year the Depositor would have reached age 70½, if applicable under paragraph 3(b)(i)) is the account value at the close of business on December 31 of the preceding year divided by the life expectancy (in the single life table in Regulations section 1.401(a)(9)-9) of the individual specified in such paragraphs 3(a) and 3(b)(i).

   (c) The required minimum distribution for the year the Depositor reaches age 70½ can be made as late as April 1 of the following year. The required minimum distribution for any other year must be made by the end of such year.

6. The owner of two or more traditional IRAs may satisfy the minimum distribution requirements described above by taking from one traditional IRA the amount required to satisfy the requirement for another in accordance with the regulations under section 408(a)(6).

## Article V

1. The Depositor agrees to provide the Custodian with all information necessary to prepare any reports required by section 408(i) and Regulations sections 1.408-5 and 1.408-6.

2. The Custodian agrees to submit to the Internal Revenue Service (IRS) and Depositor the reports prescribed by the IRS.

## Article VI

Notwithstanding any other articles which may be added or incorporated, the provisions of Articles I through III and this sentence will be controlling. Any additional articles inconsistent with section 408(a) and the related regulations will be invalid.

## Article VII

This agreement will be amended as necessary to comply with the provisions of the Code and the related regulations. Other amendments may be made with the consent of the persons whose signatures appear below.

## Article VIII

(1) Definitions

   (a) "Account" means the custodial individual retirement account established by the Depositor to which contributions may be made in accordance with the terms and conditions of this Agreement. All assets and investments of the Account shall be held by the Custodian for the exclusive benefit of the Depositor, or following his or her death, the Depositor's designated beneficiary.

   (b) "Agreement" means the Ameriprise Trust Company Traditional Individual Retirement Custodial Account Agreement as adopted by the Depositor and as may be amended from time to time.

   (c) "Code" means the Internal Revenue Code of 1986, as amended from time to time, or any successor statute.

   (d) "Custodian" means Ameriprise Trust Company, a trust company incorporated under the state of Minnesota, or any successor thereto

   (e) "Depositor" means the individual who has established the Account and has agreed to the terms of this Agreement.

(2) Distribution Options.

   In addition to the distribution options described in paragraph (3) of Article IV above, if the designated beneficiary is the Depositor's surviving spouse, such surviving spouse may elect to treat the entire remaining interest in the Account as an individual retirement account maintained for the benefit of such surviving spouse.

(3) Excess Contributions.

   If the Depositor timely notifies the Custodian in writing that a contribution has been made for any tax year by or on behalf of the Depositor in excess of the amount deductible under Section 219 of the Code, the Custodian will, following receipt of such notice, if so directed by the notice, distribute such excess contribution (and any net income) to the Depositor.



(4) Beneficiaries

    (a) Depositor may designate, by delivery of a form provided by or acceptable to Custodian, a beneficiary or beneficiaries and a contingent beneficiary or beneficiaries, to receive the balance in the Account in the event of the death of the Depositor.

    (b) Depositor may amend or revoke any designation of Beneficiary by delivery of written notice to the Custodian in a form and manner acceptable to Custodian.

    (c) The designation, amendment, or revocation of beneficiary shall be effective only when filed with the Custodian during Depositor's lifetime.

    (d) The primary beneficiaries (and contingent beneficiaries in the event no primary beneficiary survives Depositor) shall be entitled to receive any undistributed amount credited to the Account at the time of Depositor's death.

    (e) If all such designated beneficiaries have predeceased the Depositor, or if at the time of the Depositor's death there is no designation of beneficiary then in effect, the beneficiary shall be deemed to be the Depositor's surviving spouse, if any. If there is no surviving spouse, then the beneficiary shall be deemed to be the Depositor's living, lawful children. If there is no surviving spouse or living, lawful children, the beneficiary shall be deemed to be the Depositor's estate.

    (f) If the beneficiary is a trust, distributions shall be made to the trustee of the designated trust. However, the trustee of the trust may, in a form and manner acceptable to Custodian, direct Custodian to make distributions to the trust's beneficiaries.

    (g) Following the death of the Depositor, this paragraph four of Article VIII shall apply to the Depositor's designated beneficiary in identical fashion as applied to the Depositor.

(5) Investment Direction

    (a) The Depositor will direct Custodian, in a form acceptable to Custodian, with respect to the method of investing and the investment of the assets in the Account. Such directions are limited to the methods of investing and the investments that are accessible to Depositor through Ameriprise Financial Services, LLC, or its affiliated companies in the regular course of business. Depositor (or Depositor's designated beneficiary following the death of the Depositor) may at any time change the method of investing and change the investment of assets in the Account by giving instructions to the Custodian in a form acceptable to Custodian.

    (b) The Depositor may appoint as investment manager any individual or firm which is registered as an investment advisor under the Investment Advisors Act of 1940 ("Act"), or is exempt from registration under the Act, to direct the Custodian in the investment of Depositor's Account. Any such appointment will become effective following receipt of written notice of the appointment (or such later date as may be specified in the notice). The appointment will remain in effect until the Custodian's receipt of written notice of termination (or such later date as may be specified in the notice). The fees and expenses of the investment manager will be charged to and paid from the Account, except to the extent that the Depositor in his or her discretion pays them directly to the investment manager.

    (c) The Depositor (or investment manager, if appointed) has the exclusive authority to manage and control the investment of the Account. The Custodian's responsibility is limited to implementing the investment directions it receives and to maintaining safe custody for the assets of the Account. The Custodian has no duty to question any investment direction it receives, to review the investments of the Account, or to make any suggestions with respect to the investment of the Account. Neither Ameriprise Financial Services, LLC, any affiliated company nor the Custodian will be liable for any tax or any loss of any kind which may result from any action taken pursuant to such investment directions or from any failure to act because of the absence of such directions.

    (d) If investment directions with respect to the investment of any contribution hereunder are not received as required, or if received, are unclear or incomplete in the sole opinion of Custodian, the contribution will be returned to the Depositor, (or Depositor's employer in the case of a group billing arrangement) or will be held uninvested (subject to the provisions of subparagraph 6(b)), pending clarification or completion of the investment direction, in either case without liability for interest or for loss of income or appreciation. If any other directions or other orders with respect to the sale or purchase of investments for the Account are unclear or incomplete in the opinion of the Custodian, Custodian will refrain from carrying out such investment directions or from executing any such sale or purchase, without liability for loss of income or for appreciation or depreciation of any assets, pending receipt of clarification or completion.

    (e) To the extent applicable, Custodian is directed by Depositor to accept payments in lieu of dividends for this Account at the equivalent value of the dividend paid by the security.

    (f) Subject to the limitations described in this paragraph, Custodian will comply with all directions given to it by the Depositor (or investment manager if appointed). All expenses incidental to carrying out the investment instructions will be charged to the Account.

    (g) Custodian may adjust its fees with respect to various methods of investing and investments selected by the Depositor or investment manager. The Custodian may require in its sole discretion that investment instructions be received in writing. The Custodian may accept investment instructions transmitted through American Enterprise Investment Services, Inc.

    (h) Following the death of the Depositor, this paragraph 5 of Article VIII shall apply to the Depositor's designated beneficiary in identical fashion as applied to the Depositor

(6) Fees and Other Expenses

    (a) The Custodian will receive reasonable annual compensation for its custodial services unless otherwise agreed between the Custodian and Depositor.

    (b) The Custodian may, as part of its compensation for services provided pursuant to this Agreement, receive the earnings from any uninvested amounts awaiting investment into or distributions from the Account. The Depositor agrees that the Custodian may hold such uninvested amounts without incurring any liability for the payment of earnings on such uninvested cash.



(c) Any income taxes (including unrelated business income tax) or other taxes of any kind whatsoever that may be levied or assessed with respect to the Account, and any other expenses or fees (including but not limited to the custodian's annual administration fee, fees for completing and filing tax returns including Form 990-T, other expenses of the Account, fees for legal services rendered to the custodian, and commissions and markups and markdowns for effecting securities transactions by Ameriprise Financial Services, LLC and its affiliates) incurred by or on behalf of the Account shall constitute a charge upon the assets of the Account and shall be paid from the assets held hereunder, provided that custodian's administration fee may, upon agreement by the custodian, be separately paid to custodian by the Depositor. If any investments of the Account are to be liquidated for tax and/or administrative purposes, including any past-due amounts, and the Custodian has not yet received directions from the person with investment responsibility for the Account, the Depositor (or Depositor's designated beneficiary following the death of the Depositor) hereby directs the Custodian to liquidate the investments in the following order:

   (i) first, interest-bearing accounts and shares of any money market fund;
   (ii) second, shares of any investments companies registered under the Investment Company Act of 1940 (e.g., mutual funds), except shares of a money market fund;
   (iii) third, shares of stock (whether common or preferred);
   (iv) fourth, bond, debentures and other evidences of indebtedness; and
   (v) fifth, any other assets held in the Account.

(7) Duties and Responsibilities of Custodian

The Custodian will have all powers necessary to carry out its duties under this Agreement, including (but not limited to) the following:

(a) As directed by the person with investment responsibility for this Account: (i) To invest and reinvest the income and assets of the Account in any investments available through Ameriprise Financial Services, LLC or its affiliated companies in the regular course of business, subject to the limitations in paragraph 5 of Article VIII; (ii) To buy exchange traded standardized puts and calls and write cash secured put options, and covered call options and to close out those transactions; (iii) To exercise conversion privileges or rights to subscribe for additional securities and to make payments for them from the Account; (iv) To consent to or participate in dissolutions, reorganizations, consolidations, mergers, sales, leases, mortgages, transfers or other changes affecting securities in the Account. (v) To hold securities without qualification or description in the name of the Custodian or any nominee, or in any other form under which title will pass by delivery; and (vi) To make, execute and deliver any and all contracts, waivers, releases or other written documents appropriate to the custodianship and investment of the Account.

(b) Dividends and interest received in a brokerage account maintained with American Enterprise Investment Services for the benefit of the Depositor's Account hereunder will be transferred daily into a trade settlement account established by the Custodian for the Account

(c) The Custodian or its Agent will send or forward to the person with investment responsibility for the Account a written confirmation of each transaction in the Account. It also will forward to the person with investment responsibility for the Account all notices, prospectuses, financial statements, proxies and proxy solicitation materials relating to the securities in the custodial account. All instructions, notices, or communications, written or otherwise, required to be given by the Custodian to the Depositor (or, following the death of the Depositor, the Depositor's designated beneficiary) shall be deemed to have been given when delivered or provided to the last known address, including an electronic address, of the Depositor (or the Depositor's designated beneficiary following the death of Depositor) in the records of the Custodian.

(d) The Depositor hereby directs the Custodian, and the Custodian shall, in absence of written instructions from the Depositor, cause the proxies for all holdings in the brokerage account to be voted in accordance with procedures established by Ameriprise Financial Services, LLC's proxy solicitation vendor.

(e) The Custodian shall be responsible for custody of the assets credited to the Account. Subject to such requirement, the Custodian is authorized to make reasonable and contractual arrangements with its delegates, including affiliates of the Custodian, for services in connection with the Account, such as custody, temporary idle cash earnings arrangements, settlement, clearing, record keeping, confirmations, reporting and other administrative requirements. Any uninvested cash held in Depositor's Account may be deposited or invested in deposits of Ameriprise Bank, FSB or any other banking affiliate of Ameriprise Financial Services, LLC in connection with any savings deposit cash sweep program (Sweep Program) offered by Ameriprise Financial Services, LLC and as further described in the disclosure statement for such Sweep Program. Depositor hereby authorizes Ameriprise Financial Services, LLC or its affiliated companies to issue directions to Custodian on behalf of Depositor.

(f) The Custodian may delegate, pursuant to a written Agreement, to one or more entities, the performance of recordkeeping, ministerial, and other services in connection with the Account, for a reasonable fee (to be paid by the Custodian and not by the Account). Any such agent's duties and responsibilities shall be confined solely to the performance of such services, and shall continue only for so long as the Custodian deems appropriate.

(g) The Custodian shall have no responsibility for (a) determining the propriety or amount of or collecting any contribution hereunder, or (b) determining the amount or timing of any distribution hereunder except as may be required by law.

(h) It is the responsibility of Depositor (and Depositor's Beneficiary) to provide Custodian with accurate information related to Depositor's (or Depositor's Beneficiary's) current address and other identifying information. Custodian shall have no liability for following state escheatment laws and may report such escheatment as a taxable distribution to Depositor or Depositor's Beneficiary. Custodian may liquidate assets in order to meet federal withholding rules when escheating the Account to a state.



(8) Removal or Resignation of Custodian

Custodian shall be notified in writing within 30 days after being removed or resigning as Custodian hereunder of the person or entity designated by the Depositor as successor custodian, and Custodian shall transfer the assets held under this Account to the successor custodian. If a successor has not been so designated, Custodian, at its option may designate a successor and transfer such assets to such successor. If the Custodian designated herein shall merge with or be succeeded by another corporation, the new corporation, if legally qualified to do so, shall become the Custodian hereunder with all of the rights, duties and powers of the original Custodian, and such merging or succeeding shall not be deemed to be a change of Custodian. In any case in which Custodian does not continue to act in such capacity under this Agreement, and in which a successor custodian is not designated, Custodian shall distribute the assets held in the Account to the Depositor and this Agreement and the Account shall be terminated. In any case in which a distribution of assets held hereunder is made, the Custodian may charge such assets with, or create a reserve for, the amount of any fees, taxes, expenses or costs of the Account, or securities transactions effected in such account or reasonable fees as may, in the Custodian's discretion, be due.

(9) Termination of the Account

The Depositor may at any time terminate this Agreement and the Account by delivering to the Custodian an instruction to terminate or withdraw all assets from the Account. Termination of the Agreement and Account shall be effected by the Custodian distributing the assets held hereunder in a lump-sum to or for the benefit of the Depositor (or his or her designated beneficiary) subject to the reserving of such funds as may be necessary to pay the fees and expenses referred to in Article VIII, and such termination shall occur automatically upon distribution of all assets held in the Account. Upon such termination, the Custodian, Ameriprise Financial Services, LLC, and its affiliates shall be relieved from all further liability with respect to this Agreement and the Account.

(10) Amendments

The Depositor (and Depositor's designated beneficiary following the death of Depositor) delegates to the Custodian the authority to amend this Agreement in any respect, at any time (including retroactively) so that it may conform with applicable provisions of the Code or in order to obtain an Internal Revenue Service determination, opinion or ruling that such requirements are met, or to conform this Agreement with other applicable law. Further, Depositor (and Depositor's designated beneficiary following the death of Depositor) delegates to the Custodian the authority to amend this Agreement for purposes other than those described in the preceding sentence, provided that any such amendment by the Custodian shall be communicated in writing to the Depositor and Depositor shall be deemed to have consented thereto unless, within thirty (30) days after such communication is mailed, the Depositor (or Depositor's designated beneficiary following the death of Depositor) either (1) gives Custodian a proper instruction for a lump sum distribution of the Account, or (2) gives Custodian a proper instruction to transfer the Account, in a trustee-trustee transfer, to another custodian.

(11) Limitations on Custodial Liability and Indemnification

    (a)    The Custodian shall exercise no discretion, authority, or responsibility as to any investment in connection with the Account and the Custodian shall not be responsible for the purpose, propriety or tax treatment of any contribution or of any distribution, or any other action or non-action taken pursuant to the Depositor's (or designated beneficiary's, following the death of Depositor) direction.

    (b)    The Custodian shall be fully protected in acting upon any oral or written instructions or written instrument believed by the Custodian to be genuine and to have been properly made or executed and upon which it acts in good faith taking or omitting to take any action.

    (c)    Custodian shall be under no obligation to engage in any litigation respecting the Depositor, the Depositor's designated beneficiary following the death of Depositor, or the Account.

    (d)    The Depositor (and Depositor's designated beneficiary following the death of Depositor) shall at all times fully indemnify and hold harmless the Custodian, Ameriprise Financial Services, LLC, their agents, affiliates, successors and assigns and their officers, directors, and employees, from any and all liability arising out of or in connection with Account except the obligation of Custodian to perform the things specifically required to be done by it under this Agreement, or, except liability arising under applicable law or arising from gross negligence or willful misconduct on the part of the indemnified person.

(12) Governing Law

This Agreement and the duties and obligations of Custodian in connection with the Account, shall be construed, administered and enforced according to the laws of the State of Minnesota, except as superseded by federal law or statute.

(13) Separability

If any provision or condition of this Agreement shall be held to be invalid or unenforceable by any court, or regulatory or self-regulatory agency or body, such invalidity or un-enforceability shall attach only to such provision or condition. The validity of the remaining provisions and conditions shall not be affected thereby and this agreement shall be carried out as if any such invalid or unenforceable provision or condition was not contained herein.



(14) Arbitration

Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled solely by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Unless otherwise agreed to by all of the parties to the arbitration, the American Arbitration Association shall be the sole venue for resolving claims arising out of or relating to the Agreement, and all of the parties to the arbitration irrevocably waive trial by jury in any action, proceeding or counterclaim, whether at law or in equity. All federal and state statutes of limitation, repose or time bar are incorporated into this agreement and will apply to controversies and claims relating to this contract or the breach thereof. If either Depositor or Custodian, or its employees or independent contractors, elects to resolve a claim by arbitration, that claim shall be arbitrated on an individual (not class or collective) basis. There shall be no right or authority for any claims to be arbitrated on a class-action basis or in a purported representative capacity on behalf of the general public, shareholders, clients or other persons similarly situated. The arbitrator's authority to resolve claims is limited to claims between the parties to the arbitration alone.

(15) No Security Interest or Right of Set Off

Depositor shall not pledge the assets held in the Account. If Depositor holds other accounts with Custodian or its affiliates, neither Custodian nor its affiliates shall have any right to offset debts of this Account against property held in such other accounts. Furthermore, to the extent Depositor holds other accounts with Custodian or its affiliates and such accounts incur debts, neither Custodian nor its affiliates shall have any right to offset debts from amounts held within the Account. This provision shall supersede any provisions of any agreements executed by Depositor with Custodian or any of Custodian's affiliates.

(16) Establishment of IRA

Depositor's IRA will be established pursuant to the terms of this Agreement when Custodian accepts Depositor's first deposit. Custodian may decline to establish an IRA for Depositor if Custodian's administrative procedures are not satisfied, as determined by Custodian.



# Learn about options for your retirement plan assets

Ameriprise Financial

If you have savings in an employer-sponsored retirement plan like a pension, 401(k) or 403(b) plan, you have an important decision to make when you change jobs, retire or otherwise become eligible to withdraw money from the plan, including:
- Leaving it in your former employer's plan
- Transferring it to your new employer's plan, if available and allowed by that plan
- Rolling it into an individual retirement account (IRA)

## Comparison of retirement plan options

This chart compares some basic features of employer-sponsored plans and the *Ameriprise*® IRA. For a more complete comparison, ask your advisor to review the *Leave it or roll it?*® brochures with you. Your Ameriprise financial advisor can help provide the information you need to decide the most appropriate choice for some or all of your retirement savings.

|  | **Defined contribution plan** | **Defined benefit plan** | ***Ameriprise*® IRA** |
|---|---|---|---|
| **Control of custodian/service providers** | Plan fiduciary chooses custodian, record keeper and other service providers. | Plan fiduciary chooses custodian, record keeper and other service providers. | Investor chooses custodian and has full control and access to assets |
| **Investment options** | Plan fiduciary typically narrows investment universe to a selected menu of investment options from which investor may select (subject to potential blackout periods and other restrictions) | Employer guarantees payments and bears investment risk and directs investments | Access to a wide range of investment products from which investor may select |
| **Investment services** | May offer investor access to professional investment advice or education | Not applicable | Investor chooses desired level of advice and financial planning services |
| **Distribution flexibilty** | Distribution options depend on the plan's terms and may be limited as to frequency; some plans only permit lump sum distributions; may have limited ability to control which investments are sold | Distribution options typically include single life, joint and survivor and other annuity options. May be able to opt for other periodic payments and one-time lump sum payments (subject to plan terms) | Investor has control of timing, frequency of payments, and which investments are sold to fulfill distributions |
| **Beneficiary planning and options** | May select spousal beneficiary<br><br>Some plans allow for other designations (spousal consent required)<br><br>May limit the payout options for your non-spouse beneficiary and your ability to name multiple or contingent beneficiaries | May select spousal beneficiary<br><br>Some plans allow for other designations (spousal consent required) | Flexible options, including multiple and contingent designations and maximum payout options for non-spouse beneficiaries |
| **10% early withdrawal penalty** | A penalty tax will apply unless you meet certain exceptions | A penalty tax will apply unless you meet certain exceptions | A penalty tax will apply unless you meet certain exceptions |
| **Roth conversions/direct rollovers** | May be eligible for in-plan Roth conversion depending on the plan's terms<br><br>May convert eligible rollover distributions from the plan to a Roth IRA | May convert eligible rollover distributions from the plan to a Roth IRA | You may convert from an employer-sponsored plan or an IRA to a Roth IRA<br><br>Inherited IRAs not eligible for conversion to Roth IRAs |
| **Creditor protection** | Assets are protected from creditors | Assets are protected from creditors | Federal bankruptcy protection applies to rollover amounts<br><br>Protection outside of federal bankruptcy law varies by state |
| **Employer securities and net unrealized appreciation (NUA)** | Tax on the appreciation of an in-kind distribution of employer stock is deferred until you sell the shares and will be at the capital gains rate | Not applicable | NUA tax treatment is lost for employer stock that is rolled over to an IRA distributions |

|  | **Defined contribution plan** | **Defined benefit plan** | **Ameriprise® IRA** |
|---|---|---|---|
| **Federal withholding rules** | • Taxable eligible rollover distributions are subject to a mandatory 20% federal withholding | • Taxable eligible rollover distributions are subject to a 20% mandatory federal withholding | • Generally subject to an optional 10% federal withholding |
| **Loans** | • May permit loans, but typically only for active employees | • Not applicable | • Loans are not allowed |
| **Required minimum distributions (RMDs) for plan participants and IRA owners[1] (Different rules apply to inherited amounts)** | • Generally must begin by April 1 of the year after you reach age 73<br>• If you are not a 5% owner and the plan provides, you may wait until after retirement | • Generally must begin by April 1 of the year after you reach age 73<br>• If you are not a 5% owner and the plan provides, you may wait until after retirement | • Must begin by April 1 of the year after you reach age 73, regardless of whether you continue to work<br>• Not applicable to Roth IRAs<br>• Qualified Charitable Distributions (QCDs) are available |

## Fees

The table below compares some typical fees and costs for employer-sponsored plans and the *Ameriprise* IRA. The fees and costs that apply to your plan and to available IRA options will depend on your particular arrangements and circumstances, including the services you choose. In many cases, an *Ameriprise* IRA will cost more than an employer plan. If you decide to roll over employer-sponsored plan assets to an IRA that has higher costs, you have selected this option so that you can take advantage of an *Ameriprise* IRA, including the ability to receive professional investment advice and other services from Ameriprise and your advisor.

|  | **Defined contribution plan** | **Defined benefit plan** | **Ameriprise® IRA** |
|---|---|---|---|
| **Investment services** | • Some plans provide access to institutional pricing (based on total plan assets, not just your account), which may result in lower investment expenses<br>• Typically, no sales charges or commissions apply unless you have a brokerage account in the plan |  | • You investment expenses depend on your particular circumstances and your arrangements with Ameriprise<br>• If you open a brokerage account, you may be charged a transaction fee when trading within your account<br>• If you invest through an advisory account, sales charges and commissions are generally included in the advisory fee<br>• Your costs and the compensation paid to your Ameriprise financial advisor will vary based on the products and services you choose |
| **Account, administrative and other fees** | • Your employer may offer access to professional investment advice at the employer's expense, or at an additional charge to your account<br>• Employers may charge reasonable fees to former workers and their beneficiaries who remain in the plan<br>• Plan fees typically include plan administrative fees (e.g., recordkeeping, compliance, trustee) and fees for services such as access to a customer service representative | • Because benefits are guaranteed, fees do not generally affect your stated benefits | • An annual IRA custodial fee may apply but will be waived if you qualify for Ameriprise Achiever Circle Elite status |

[1] RMD age is 73 if you turned 72 after 2022. Individuals who turned 72 prior to 2023 are already subject to RMDs. The RMD age is scheduled to increase to age 75 beginning in 2033.

**These materials are intended to be educational in nature and do not establish a fiduciary relationship. Neither Ameriprise Financial nor its advisors make rollover recommendations or act as a fiduciary in discussing your rollover options. Further, the information contained in this document should not be construed as an investment opinion or recommendation by Ameriprise Financial Services, LLC to buy or sell securities or take a specific course of action with respect to your retirement assets.**
Ameriprise Financial, Inc. and its affiliates do not offer tax or legal advice. Consumers should consult with their tax advisor or attorney regarding their specific situation.
**Be sure you understand the potential benefits and risks of an IRA rollover before implementing. As with any decision that has tax and legal implications, you should consult with your tax and legal advisors prior to making your final decision.**
**Investment products are not insured by the FDIC, NCUA, or any federal agency, are not deposits or obligations of, or guaranteed by any financial institution, and involve investment risks including possible loss of principal and fluctuation in value.**
Investment advisory products and services are made available through Ameriprise Financial Services, LLC, a registered investment adviser.
Ameriprise Financial Services, LLC, Member FINRA and SIPC
©2023 Ameriprise Financial, Inc. All rights reserved.



# IRA Custodial Transfer Considerations

The IRA custodian, or provider, of your IRA plays an important role in helping you with your objectives. Each IRA custodian establishes its own rules, within IRS guidelines, and not all custodians offer the same services. Ameriprise provides flexible custodial services[1] and listed below are some of the capabilities and services we make available to our IRA clients.[2] Your Ameriprise financial advisor is also available to provide personalized advice and guidance to help you reach your financial goals.

| |
|---|
| **Product solutions** |
| Offers a brokerage platform that can hold equities, mutual funds and fixed income products as well as a wide range of other product solutions; some of which may provide guaranteed retirement income options[2,3] |
| Alternatively available for qualifying clients is a personalized asset-based advisory relationship with a variety of managed account solutions. |
| Allows for alternative investments designed to be low or non-correlated to traditional markets[4] |
| **Account maintenance** |
| Provides flexible service options, including phone, online and advisor account access |
| Offers online planning tools and resources |
| Provides information on IRA contribution opportunities and deadlines |
| Monitors accounts for IRA excess contributions above the IRS limit |
| Sends annual required minimum distribution notification to owners of IRA accounts (including IRA beneficiaries) |
| **Flexible beneficiary planning** |
| Permits multiple beneficiaries on a single IRA |
| Permits multiple IRAs with different beneficiaries |
| Permits contingent beneficiary designations |
| Recognizes power-of-attorney requests |
| Accepts certain customized beneficiary designation forms from attorney |
| Accommodates look-through treatment for qualifying trust beneficiaries |
| Defines "default" if IRA owner has failed to name a beneficiary |
| Supports trust beneficiary designations with full trust services[5] |
| Allows UGMA/UTMA ownership to be named as beneficiaries |
| **Beneficiary options** |
| Allows eligible designated beneficiaries to stretch distributions over their life expectancies[6] |
| Allows beneficiaries to name their own beneficiaries after the death of the IRA owner |
| Allows beneficiaries to move monies after account owner's death |
| Allows multiple beneficiaries to establish separate accounts |
| Accepts timely disclaimer of beneficiary's benefits |

[1]  Services listed are for IRAs held with Ameriprise Trust Company as custodian
[2]  For a broad description of the products and services available at Ameriprise Financial see our Client Relationship Guide available on www.Ameriprise.com
[3]  Subject to the claim paying ability of the issuer
[4]  Alternative investments cover a broad range of strategies and structures with a long-term expectation of illiquidity. Alternative investments involve substantial risks and may be more volatile than traditional investments, making them more suitable for investors with an above aver-age tolerance for risk.
[5] Trust services available through Ameriprise Bank, FSB for trusts that meet certain requirements
[6] To qualify as an "eligible designated beneficiary" an individual must be either a spouse, disabled or chronically ill, not more than 10 years younger than the owner, or a minor child of the IRA owner (stretch is available only to age 21 for a minor child).

**These materials are intended to be educational in nature and do not establish a fiduciary relationship. Neither Ameriprise Financial nor its advisors make transfer recommendations or act as a fiduciary in discussing your transfer options. Further, the information contained in this document should not be construed as an investment opinion or recommendation by Ameriprise Financial Services, LLC to buy or sell securities or take a specific course of action with respect to your retirement assets.**
**Investment products are not insured by the FDIC, NCUA, or any federal agency, are not deposits or obligations of, or guaranteed by any financial institution, and involve investment risks including possible loss of principal and fluctuation in value.**
Investment advisory products and services are made available through Ameriprise Financial Services, LLC, a registered investment advisor.
Ameriprise Financial Services, LLC, Member FINRA and SIPC
© 2010–2023 Ameriprise Financial, Inc. All rights reserved.